Case No. 12-0851, Armbar, Oshana v. FCL Builders, Inc. And I'm Joseph Hostoff for the FLE Suburban Ironworks. And I'm going to ask you both to keep your voices up a little bit, though. All right. The room is big, and we just kind of lose your voices. Is it P-R-U-S-A-K? P-R-U-S-I-K. I see. Thank you. Whenever you're ready, Counselor. Thank you. Thank you, Your Honor. This is an appeal of a granting of a motion to dismiss of a counterclaim or breach of contract. The underlying case is a construction negligence case. The plaintiff was an ironworker that fell off a beam. And I don't mean to interrupt you at all, but I think we know your facts. So your argument is raised judicatis, so if you can rank. Okay. I didn't know how much background you wanted. I'm sorry. I enjoyed this case. Really, I did. I enjoyed it. And it marches on. Basically, we filed a counterclaim for contribution, which ultimately, against the suburban ironworks, the co-defendant, the subcontractor, ironworks contractor. That counterclaim was, there was an MSJ granted on the counterclaim and the plaintiff's complaint. But more importantly, what also happened in this case was we tendered FCL's defense to the third party defendant, Jax, that's the employer. They were the subcontractor of suburban. And we asked for coverage from Jax. Their carrier, Westfield, ultimately said, no, we don't cover you. That ended up a declaratory judgment case brought by Westfield against my client, FCL. And then the trial court filed in favor of Westfield. They interpreted the additional insured endorsement in Westfield's favor. That went up on appeal and the first district affirmed. That decision came down March 8, 2011. That, to me, was the triggering event. At that point in time, we found out that Jax and Westfield didn't afford us coverage. So thereafter, we filed an amended counterclaim for breach of contract against suburban. Suburban successfully brought a motion in the trial court saying, well, there's res judicata. It should have been brought in the DJ and it should have been filed initially in the initial case. So you're correct. It's a res judicata case. That's why we're here, whether or not that applies. It's our position relative to the DJ that res judicata doesn't apply because you need three things. You need a final decision, a final decision. We have that here. You need identity of the parties. You need identity of the causes of action. In the DJ, we don't have identity of the parties. We have Westfield, an insurance company, suing FCL and asking the court to fine that they don't owe coverage, which they ultimately did. So it's Westfield versus FCL in the DJ. In the counterclaim, it's FCL filing a counterclaim for breach of contract against suburban saying that you didn't make sure your subcontractor gave coverage to FCL. There's no identity of parties. Westfield versus FCL in the DJ, FCL versus suburban in the counterclaim. They're not identical parties. So it's our position that in that alone that res judicata does not apply. And they're not in privity. And they're not in privity. Now, my opponent argued a very good argument. Well, Westfield has an additional insured with suburban. So are they not in privity? But for purposes of that DJ, the issue was does Westfield insure FCL? That's what was going on in that DJ. It had nothing to do with suburban. The issue here is, is there privity as one of the issues? Yes, yes. We don't believe there is. We don't believe suburban had any stake in that. And actually, suburban got out of the underlying case and basically could care less about Westfield's policy. It wasn't going to be eroded to the detriment of suburban. And then also, they're not the same causes of action. I mean, one is interpreting, as this court did, interpreting the additional insured endorsement. The other is a suit for breach of contract. They're not the same causes of action. So we didn't believe that res judicata applied in that instance. Then quickly in the other instance, the MSJ on the contribution claim. Contribution is our position. Contribution is tort and a breach of contract is contract. They're not the same causes of action. They're apples and oranges. That's briefly where we're at in this case. Now, the trial court, when it ruled, didn't really specify the basis for it. It just said the motion was granted. So we're here on all issues. But we really think the thrust of this whole matter is should we have filed the counterclaim or the claim against suburban in the D.J. And not having done so. You didn't have to. Right. And we didn't even know until the court ruled that there was no coverage, which triggered our amended counterclaim. So that's the case, Judge. So unless there are any questions, I've said what I need to say. Thank you. Thank you. And I'm sorry, counsel, I didn't catch your name. Joseph Mostow. Okay. Thank you. May it please the court, I think the elephant in the room that counsel is ignoring is the fact that since the court's judgment could have been supported by either of the prior judgments, it's necessary, of course, for FCL to convince this court that neither of the prior judgments were preclusive of the amended counterclaim, which was dismissed on the basis of race judicata. Unfortunately, FCL has only addressed the declaratory judgment. It has completely ignored and failed to provide any argument as to why the summary judgment on the original counterclaim is not preclusive of the amended counterclaim. So that's a forfeiture not only of that issue but of the entire appeal. The court has to presume that a judgment of the circuit court is correct unless the appellant provides a reason to suppose otherwise. FCL has provided no such reason under the court's Rule 341H7, and numerous cases cited in our brief applying that rule. Let me ask you this question. Are you telling me that the initial counterclaim for contribution is the same as the counterclaim for breach of contract? Well, here's the problem. I think counsel is neglecting to see the difference between claims and legal theories on the one hand and clauses of action on the other. Now, there's no question that there are different claims and different legal theories asserted in the original counterclaim and the amended counterclaim. As counsel points out, the original counterclaim is a tort claim under the contribution statute. The amended counterclaim is a contract claim under the subcontract between FCL. Well, how are they related? Are they related? Absolutely they're related. Show me how. Well, they both arise out of Anwar Oshana's injuries. They both arise out of the series of contractual relationships between the defendants in that case, FCL, Suburban, and JAK. So the fact that there are different legal theories and that there are different claims is irrelevant for purposes of race judicata. That would be very relevant if this were collateral. Doesn't the case law say that there has to be identity of the clauses of action? There has to be... they have race judicata. That is correct. But the way that the court determines whether you have the same clause of action, it's not whether you have the same legal theories or even the same claims. It's whether there's a common set of operative facts or the same transaction or series of transactions. So that's what you have to... So if you're telling me as long as it's based on the same set of facts, that's sufficient? Or the same transaction or series of transactions. Well, that's the same set of facts, basically. Well, the fact is that the... Anwar Oshana's accident is at the heart of both of these claims, the tort claim and the contribution claim. Whether FCL can recover from Suburban is at the heart of both of those claims. One attempt at recovery is based on tort. The other is based on contract. Again, different legal theories, but that's irrelevant for purposes of race judicata. We cited a number of cases in our brief, starting with the River Park case, a Supreme Court case from 1998 that says, pleading separate legal theories does not save a second clause of action from race judicata. Counselor, can I... I'm sorry, I didn't mean... That's all right. I should let you complete your thought, but... I did. Okay, good. This is my problem. How does FCL have a cause of action for breach of contract against... I'm losing my person. Suburban? Against Suburban until they find out that Jax did not cover them. When does... How does it arise until that occurs? I'm glad you asked me that because it is an important question, and I should point out that they raised this question of accrual and inability to file in their reply brief. They said in their original brief that they didn't know they had a cause of action. That's very different from saying that their cause of action for a breach of contract didn't accrue, which is what they said for the first time in their reply brief. In fact, they said they couldn't have filed it until the... Or that they were not required to. Well, they said they couldn't have until a judgment was entered in the declaratory action. That's just not true. It's well settled that a cause of action for breach of contract to procure insurance accrues upon denial of coverage by the insurance company. Now, because this accrual question was raised for the first time in the reply brief, I have not had an opportunity to cite cases for the court. I could do that in a post-argument memorandum if the court wants, or I could tell... If you do that, you'd have to do it immediately. I'd be happy to do it. I can tell the court the cases. We're not telling you we want it. We're only telling you that we want to do it. It's well settled. All right. Well, let me just say this. If you want to do it, counsel, you have three days, and he has three days if he wants to file something in response. I don't think we need to. All right. But here's the point. To answer the court's question, the question here is accrual. The cause of action for breach of contract accrued when Westfield denied coverage. When did Westfield deny coverage? Well, certainly no later than the date on which they filed their declaratory judgment complaint, which was in 2008. So by that date, at the latest, FCL's breach of contract claim against Suburban had accrued, 2008, yet they didn't file it until 2011, after judgment had been entered in the declaratory judgment action. Now, here's another thing I'd like to point out, which is perhaps even more important than this accrual point, and that is they say that the two actions have nothing to do with each other, that they're not the same cause of action, that is the declaratory action and the breach of contract claim, and yet they say that they couldn't have filed the breach of contract claim until the declaratory action was decided. Well, if they're unrelated and separate causes of action, why would they have to wait until the first one was decided until they filed the second one? I mean, it's really impossible to reconcile those two contentions. The fact is they had a common core of operative facts, and they involved the same transaction or series of transactions, namely, what were FCL's rights under the contract between Suburban and JAK? That's at the heart of both cases. Their claim to additional insured coverage under the Westfield policy depended on, according to their argument, depended on the fact that JAK was contractually obligated to furnish additional insured coverage to FCL. That was undisputed, by the way, and the appellate court's opinion accepts it as undisputed that there was an obligation by JAK to provide additional insured coverage to FCL. Now they're climbing the opposite, and I don't mean to touch on the merits of the case, but I simply mean to point out that this issue of whether JAK was required to furnish additional insured coverage to FCL is at the heart of both cases. Now this breach of contract claim against Suburban is predicated precisely and necessarily on the allegation that JAK was not obligated to furnish additional insured coverage to FCL. So I'm not asking the court to attach any significance to these diametrically opposed contentions. I'm simply asking the court to recognize that they are at the heart of each case and that they address precisely the same question, JAK's contractual obligations, if any, to make FCL an additional insurer. The breach of contract claim accrued in 2008 wasn't filed for three years until well after coverage was denied. The breach of contract claim was, therefore, the same cause of action and precluded by the judgment in the declaratory judgment case and by the summary judgment on the original counterclaim. I want to add this court sees all the time cases where in the injury case a defendant will file a claim against the co-defendant or a third-party defendant for contribution and breach of contract to procure insurance. It's done all the time because it's recognized that the two claims involve the same cause of action in the sense that they can be brought in the same case. And I don't believe I've ever seen, by the way, I've been practicing for 30 years, I don't think I've ever seen a defendant on such a claim move to sever or dismiss on the basis that it's improper to bring a breach of contract claim in the same suit as the injury claim. I've never seen such a motion because I think everybody understands they do arise out of the same facts and occurrence and they can be asserted in the same suit because they are the same cause of action. So I just want to check and make sure I haven't left anything out if the court has any questions. I don't. No. Okay. Thank you. Thank you. Counsel, if you want a minute. Just one minute. As to the DJ, they're not the same parties. Westfield versus FCL and the count claims FCL versus suburban. As to the other matter, the contract is not a tort. They're apples and oranges. That's all I need to say. Thank you. Thank you all. We'll certainly take the case or the cases we've had today under advisement. We are in recess.